IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
THOMAS D. SCHREFFLER,          )
                               )
              Plaintiff,       )
                               )
vs.                            )    Case No. 08-1200-WEB
                               )
MICHAEL J. ASTRUE,             )
Commissioner of                )
Social Security,               )
                               )
              Defendant.       )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II.  History of case**

On July 23, 2007, administrative law judge (ALJ) Robert J. Burbank issued his decision (R. at 13-24).  Plaintiff alleges that he has been disabled since December 31, 2004 (R. at 13). Plaintiff is insured for disability insurance benefits through September 30, 2010 (R. at 15).  At step one, the ALJ found that

4

plaintiff has not engaged in substantial gainful activity since December 31, 2004, the alleged onset date (R. at 15). At step two, the ALJ found that plaintiff had the following severe impairments: post traumatic stress disorder (PTSD) and depression (R. at 15). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 16). After determining plaintiff's RFC (R. at 17), the ALJ found at step four that plaintiff is able to perform past relevant work as a time study engineer and an inspector, fabrication (R. at 24). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 24).

**III. Did the ALJ err by failing to consider various medical opinions?**

An ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored. Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3. It is clear legal error to ignore a medical opinion. Victory v. Barnhart, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).

Veteran's Administration (VA) medical records from June 2005 note osteoarthritic changes in both knees, and degeneration of bilateral knees. The records then specifically state the

following: "E[m]ployment limits of no standing or walking greater than one hour without th[e] ability to rest" (R. at 318-319, 361).  The medical records in June 2005 also reference post fusion of the right wrist (R. at 358-359).  The medical records then state the following:

> Employment limits are limited dexterity that would require use of the right wrist i.e. turning wheels for gages, manipulation of parts with fitting into other parts.

(R. at 362).  The VA decision of September 16, 2005, which found the plaintiff to be disabled, stated the following:

> You had degeneration of both knees that would cause you to be unable to stand or walk for more than one hour.  The examiner said you have degeneration of both hands but that this would not affect your ability to work.  The examiner noted your right wrist fusion would cause limited dexterity for motions involving the wrist...

(R. at 88-89).  However, the ALJ failed to mention or discuss these medical opinions regarding plaintiff's physical limitations.  The ALJ ignored these medical opinions, and did not include any physical limitations in his RFC findings for the plaintiff (R. at 17).[1]

    Shawn Martin is a readjustment counseling therapist (R. at 205).  His treatment notes on the plaintiff begin on March 8,

---

[1] The ALJ's RFC findings for the plaintiff indicated that plaintiff could perform a full range of work at all exertional levels, but was limited to work involving only superficial interpersonal contact (R. at 17).

6

2005 and continue through June 6, 2007 (R. at 164-226, 779-849).

On June 15, 2005, he wrote the following letter:

> This letter is providing documentation for Thomas D. Schreffler...in regards to his current unemployability claim. Thomas is currently diagnosed with Posttraumatic Stress Disorder (PTSD) and Depressive Disorder. Clinically, Thomas has displayed many symptoms of PTSD, including, but not limited to, sleep disturbances, distressing thoughts and dreams, irritability and anger, hypervigilance, exaggerated startle response, markedly diminished interest (or participation) in significant activities, physiological distress, avoidance of associated stimuli and activities, and memory and concentration difficulties.
>
> In particular, Thomas had problematic behaviors involving an increase in anger and aggression with co-workers. Thomas also displayed a markedly diminished interest and participation as well as an increase in concentration difficulties at his last place of employment. The behaviors from these symptoms ultimately led to his Thomas' perceived forced resignation. In sum, it would be best for Thomas to continue not being employed. Currently, Thomas has clinical sessions with Shawn S. Martin from the Wichita Vet Center weekly at the Wichita Vet Center. Thomas also is utilizing the Wichita V A Medical Center to reduce the symptoms of his PTSD and Depressive Disorder. Thomas' PTSD symptoms are precluding his ability to work.

(R. at 205). This opinion by plaintiff's therapist was not mentioned or discussed by the ALJ. However, evidence from "other sources," including therapists, may be based on special knowledge of the individual and may provide insight into the severity of an impairment and how it affects the claimant's ability to function.

7

Opinions from other medical sources are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.  Depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source.  SSR 06-03p, 2006 WL 2329939 at **2,3,5.

The VA disability finding for plaintiff also relied on the fact that the evidence showed that Dr. Rivera, plaintiff's physician, told plaintiff to take a medical retirement in October 2004; Dr. Rivera recommended that plaintiff take a medical retirement and pursue a PTSD treatment program (R. at 88).  A medical treatment note dated October 20, 2004 stated that Dr. Rivera will dictate a letter recommending inpatient PTSD treatment, noting that plaintiff will have to quit work in order to attend this 10 week inpatient treatment program (R. at 694). Plaintiff was laid off on December 31, 2004 as a result of the sale of his company, at which time he chose not to apply for a job with the new company, but filed for retirement benefits (R. at 20).  Plaintiff then attended the inpatient PTSD program from January 10, 2005 through February 25, 2005 (R. at 300-303).  Dr. Rivera's recommendation and plaintiff's participation in the

inpatient program were also not mentioned by the ALJ in his decision.

Thus, the ALJ made a finding that plaintiff was not disabled without mentioning or discussing medical opinion evidence of physical limitations, and without discussing medical opinion evidence of his mental limitations from Mr. Martin, his therapist, and from Dr. Rivera, his treating physician.  The failure to mention or discuss any of these medical opinions is clearly erroneous.  Furthermore, the court should not engage in the task of weighing evidence in the first instance, Clifton v. Chater, 79 F.3d 1007 at 1009; Neil v. Apfel, 1998 WL 568300 at *3 (10th Cir. Sept. 1, 1998), but should review the Commissioner's decision only to determine whether his factual findings are supported by substantial evidence and whether he applied the correct legal standards.  Clifton, 79 F.3d at 1009.  Because of the ALJ's failure to consider the above medical opinion evidence, the court cannot say that the decision of the ALJ is supported by substantial evidence.  The case shall therefore be remanded in order for the ALJ to consider the above medical opinion evidence.

Plaintiff also alleges that the ALJ erred by discounting the opinions of Dr. Crosby and Dr. Pankow.  Dr. Crosby, plaintiff's treating psychologist, opined on February 22, 2006 that plaintiff was moderately limited in 10 categories and markedly limited in 10 other categories (R. at 722-724).  In a letter dated June 22,

2007, Dr. Crosby noted that he had been treating plaintiff since May 2005. He stated the following:

> Mr. Schreffler continues to show prominent difficulties as a direct result of his anxiety and PTSD symptoms, and it is clear that he is not able to maintain any type of competitive employment. His condition is static, and he will never be able to work again...It is clear that he will never be employable again.

(R. at 777). Dr. Pankow, a psychiatrist, performed a consultative examination on the plaintiff on April 28, 2004 at the request of the VA. He recommended a full service connected 100% disability for his PTSD (R. at 689-691). The ALJ discussed the above opinions from Dr. Crosby and Dr. Pankow and concluded that their opinions were entitled to little weight (R. at 20-22).

When this case is remanded, the ALJ must not consider the opinions of the treating sources in isolation, but they must be examined in light of the entire evidentiary record, including the opinions and assessments of the other treating, examining and nonexamining sources. The court is concerned with the necessarily incremental effect of each individual report or opinion by a source on the aggregate assessment of the evidentiary record, and, in particular, on the evaluation of reports and opinions of other sources, and the need for the ALJ to take this into consideration. See Lackey v. Barnhart, 127 Fed. Appx. 455, 458-459 (10th Cir. April 5, 2005). Therefore, on remand, the ALJ must not consider the opinions of Dr. Crosby, Mr.

Martin, and Dr. Rivera in isolation, but they must be considered in light of the other treating source opinions, and the opinion of the consulting psychiatrist, Dr. Pankow.

The court will briefly address the ALJ's reasons for giving little weight to the opinions of Dr. Crosby. In discounting the opinions of Dr. Crosby, the ALJ concluded that the treatment notes are not consistent with the opinions of Dr. Crosby that plaintiff has moderate and marked limitations (R. at 20-21). The ALJ specifically noted that Dr. Crosby's treatment notes indicate plaintiff's appropriate appearance and behavior, full orientation, good eye contact, lack of psychotic symptoms, and generally improved mood; the ALJ concluded that these are not indicative of marked limitations in mental functioning (R. at 21). However, these very general statements in the treatment notes do not address the degree of plaintiff's mental limitations in any of the 20 categories contained on the mental RFC assessment. The ALJ failed to point to anything in the treatment notes that is clearly inconsistent with the opinions of Dr. Crosby regarding plaintiff's mental limitations. See Shontos v. Barnhart, 328 F.3d at 427 (court noted that no medical source provided an opinion that the fact that Ms. Shontos did better while on medication negated the opinions of Dr. Burns that Ms. Shontos would have difficulty with detailed instructions). There is no medical opinion evidence that the treatment notes of Dr.

Crosby are inconsistent with his opinions regarding plaintiff's moderate and marked limitations. On the other hand, the opinions of Mr. Martin, Dr. Rivera and Dr. Pankow provide support for Dr. Crosby's opinion that plaintiff is unable to work due to mental limitations.

Therefore, on remand, the ALJ should make new findings regarding the weight that should be accorded to the opinions of Dr. Crosby in light of all the evidence, including the opinions of other treatment and examining sources. The ALJ may also want to recontact Dr. Crosby pursuant to SSR 96-5p[2] to ascertain the basis for his opinions.

The ALJ gave substantial weight to the opinions of Dr. Witt, who prepared a state agency mental RFC assessment after reviewing the medical records, but without examining or treating the plaintiff (R. at 23, 703-705). Upon remand, the ALJ should keep in mind that the opinions of physicians, psychologists, or

---

[2]SSR 96-5p states the following:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

1996 WL 374183 at *6.

psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight over the views of consulting physicians or those who only review the medical records and never examine the claimant.  The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).  When a treating source opinion is inconsistent with the other medical evidence, the ALJ's task is to examine the other medical source's reports to see if they outweigh the treating source's reports, not the other way around.  Treating source opinions are given particular weight because of their unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  The ALJ must provide a legally sufficient explanation for rejecting the opinion of treating medical sources in favor of non-examining or consulting medical sources.  Robinson, 366 F.3d at 1084.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set

forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on May 28, 2009.

>                             s/Donald W. Bostwick
>                             DONALD W. BOSTWICK
>                             United States Magistrate Judge